May Term, 1837.

DIXON
v.
THE STATE,

## DIXON *v.* THE STATE.

An indictment charging a person who has taken up an estray, with not complying with the provisions of the statute on the subject, must state the particular acts which the defendant has omitted to perform.

ERROR to the *Posey* Circuit Court.

BLACKFORD, J.—Indictment against *Dixon*. The charge is, that on the 10th of *May*, 1835, the defendant, at, &c., took up as an estray a certain horse, &c., and that from the said 10th of *May* to the finding of the indictment, he continued to keep said estray, at, &c., and has continued to fail, neglect, and refuse, to comply with any of the provisions of the statute, entitled "An act regulating the taking up of animals going estray," &c., contrary to the form of the statute. Plea, not guilty, and verdict for the state. Motion in arrest of judgment overruled, and judgment on the verdict.

The objection made to this indictment is,—that it does not set out the particular act or acts which the defendant omitted to perform. This objection is fatal. The mere charge against a person who has taken up an estray, that he has failed, neglected, and refused, to comply with any of the provisions of the statute, is not sufficient. The particular acts omitted to be performed must be stated in the indictment, in order that the Court may see whether they are such acts as are required by the statute to be performed. The motion in arrest of judgment should have been sustained.

*Per Curiam.*—The judgment is reversed. To be certified, &c.

*W. T. T. Jones,* and *J. R. E. Goodlet,* for the plaintiff.

*W. Quarles,* and *J. Pitcher,* for the state.